IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IPLEARN, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 11-1026 (LPS) |
| | ) |
| K12 INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT K12 INC.'S OPENING BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S INDIRECT INFRINGEMENT CLAIMS**

                              MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                              Jack B. Blumenfeld (#1014)
                              1201 North Market Street
                              P.O. Box 1347
                              Wilmington, DE 19899
                              (302) 658-9200
                              jblumenfeld@mnat.com

OF COUNSEL:                          *Attorneys for Defendant K12 Inc.*

Steven Cherny
Joseph A. Loy
Martin A. Galese
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

January 10, 2012

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ..................................................................................................... ii

NATURE AND STAGE OF THE PROCEEDING................................................................... 1

SUMMARY OF ARGUMENT .................................................................................................. 1

STATEMENT OF FACTS ......................................................................................................... 2

ARGUMENT................................................................................................................................ 4

    I.    TO AVOID DISMISSAL, A COMPLAINT MUST PLEAD FACTS THAT RAISE THE RIGHT TO RELIEF BEYOND THE SPECULATIVE LEVEL. ............................................................................................ 4

    II.    IPLEARN'S COMPLAINT FAILS TO MEET THE RULE 8(A)(2) PLEADING STANDARD FOR INDIRECT INFRINGEMENT CLAIMS. .......... 5

        A.    IpLearn's Complaint Fails to Plead the Requisite Knowledge and Intent to Support Its Inducement Claims. ..................................................... 5

        B.    IpLearn's Complaint Fails To Plead the Requisite Knowledge and Intent to Support Its Contributory Infringement Claims............................. 7

CONCLUSION............................................................................................................................ 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) .................................................................................................. 4, 5

*Baraka v. McGreevey*,
   481 F.3d 187 (3d Cir. 2007) ............................................................................................. 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................... 4, 5

*DSU Med. Corp. v. JMS Co., Ltd.*,
   471 F.3d 1293 (Fed. Cir. 2006) (*en banc*) ....................................................................... 6

*EON Corp. IP Holdings v. FLO TV Inc.*, Civ. No. 10-812-SLR,
   2011 WL 2708945 (D. Del. July 12, 2011) ...................................................................... 6

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   131 S.Ct. 2060 (2011) ............................................................................................... 1, 5, 6

*In re Burlington Coat Factory Secs. Litig.*,
   114 F.3d 1410 (3d Cir. 1997) ............................................................................................ 5

*Lucent Techs. v. Gateway, Inc.*,
   580 F.3d 1301 (Fed. Cir. 2009) ......................................................................................... 7

*Mallinckrodt Inc. v. E-Z-EM Inc.*,
   670 F. Supp. 2d 349 (D. Del. 2009) .................................................................................. 7

*Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*, Civ. No. 10-666-SLR,
   2011 WL 941197 (D. Del. Mar. 16, 2011) ........................................................................ 5

*Nazomi Commu'ns, Inc. v. Nokia Corp.*, 10-CV-4686,
   2011 WL 2837401 (N.D. Cal. July 14, 2011) ................................................................... 6

*Owens-Illinois, Inc. v. Lake Shore Land Co.*,
   610 F.2d 1185 (3d Cir. 1979) ............................................................................................ 2

*Xpoint Techs., Inc. v. Microsoft Corp.*,
   730 F. Supp. 2d 349 (D. Del. 2010) ........................................................................... 1, 6, 7

**Statutes**

35 U.S.C. § 271(b) ................................................................................................................ 5, 6

35 U.S.C. § 271(c) ..................................................................................................................... 7

**Rules**

Fed. R. Civ. P. 12(b)(6)..................................................................................................1

Fed. R. Civ. P. 15(d) ....................................................................................................2

Fed. R. Civ. P. 8(a)(2)..............................................................................................1, 4, 5

## NATURE AND STAGE OF THE PROCEEDING

Defendant K12 Inc. ("K12") has moved pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing Plaintiff IpLearn, LLC's ("IpLearn") indirect infringement claims—both inducement and contributory infringement—for failure to state claims upon which relief can be granted. IpLearn's Complaint does not identify the requisite bases for its indirect patent infringement allegations and therefore fails to meet the minimum pleading standards of Federal Rule of Civil Procedure 8(a)(2) and should be dismissed. This is K12's opening brief in support of that motion.

## SUMMARY OF ARGUMENT

IpLearn alleges that K12 "has infringed and is infringing one or more of the claims of" U.S. Patent No. RE38,432 ("the '432 patent), U.S. Patent No. 6,685,478 ("the '478 patent"), and U.S. Patent No. 6,688,888 ("the '888 patent") (collectively, the "patents-in-suit") directly and indirectly. (D.I. 7 ¶¶ 8, 12, 16.) IpLearn, however, does not plead any *facts* to support its conclusory statements and formulaic recitations of the elements of indirect infringement. IpLearn's First Amended Complaint ("the Amended Complaint"), for example, fails to allege that K12 **had knowledge** of the asserted patents-in-suit prior to IpLearn filing this lawsuit. This omission renders IpLearn's Complaint deficient because indirect infringement claims **cannot be predicated** solely on knowledge of the patent resulting from the patentee's own lawsuit. *See, e.g., Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010) ("[K]nowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement."). In the absence of any alleged pre-suit knowledge of the patents-in-suit, IpLearn has similarly failed to allege that K12 was willfully blind to the possibility that it might be inducing infringement of the patents-in-suit. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068–69 (2011). Because IpLearn has failed to

1

meet the basic pleading requirements for its inducement and contributory infringement claims, the Court should dismiss those claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STATEMENT OF FACTS

IpLearn filed its original Complaint on October 26, 2011, accusing K12 of infringing the '432, '478, and '888 patents directly "by making, using, selling, offering to sell, or importing" computer-aided group learning services and products. (D.I. 1 at ¶¶ 8, 12, 16.) IpLearn's original Complaint did not allege that K12 had knowledge of any of the patents-in-suit, nor did IpLearn originally allege that K12 had indirectly infringed any of the patents-in-suit. (*See id.*) Twenty-three days later, on November 18, 2011, prior to K12 answering IpLearn's original Complaint, IpLearn filed an "Amended Complaint"[1] alleging that K12 has indirectly infringed each of the patents-in-suit, "[a]fter being served with the Complaint in this action," by inducing and contributing to infringement of the patents-in-suit by unspecified "customers":

> 8. .... ***After being served with the Complaint in this action, K12 has knowingly contributed to the infringement, and continues to contribute to the infringement***, of one or more of the claims of the '432 patent by making and unlawfully selling or offering to sell to customers computer-aided group learning services and products that provide an interactive environment to help users learn by, for example, allowing users to communicate in a dialogue session to work on a subject, including but not limited to its Elluminate Learning Suite, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, ***after being served with the Complaint in this action, K12 has induced infringement, and continues to induce infringement***, of one or more of the claims of the '432 patent by making and unlawfully selling or offering to sell to customers computer-aided group learning services and products that provide an interactive

---

[1] IpLearn's putative "Amended Complaint" is improper on its face because it refers to events allegedly occurring *after the filing* of the original Complaint. Such pleadings are "Supplemental Pleadings" governed by Fed. R. Civ. P. 15(d) and require leave of the Court and reasonable notice prior to service. *See, e.g.*, Fed. R. Civ. P. 15(d); *Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1188 (3d Cir. 1979) ("Because it refers to events that occurred after the original pleading was filed, a supplemental pleading differs from an amendment, which covers matters that occurred before the filing of the original pleading ....").

environment to help users learn by, for example, allowing users to communicate in a dialogue session to work on a subject, including but not limited to its Elluminate Learning Suite, with specific intent that these software products or services be used by K12 customers to infringe the '432 patent.

\* \* \*

12. .... *After being served with the Complaint in this action, K12 has knowingly contributed to the infringement, and continues to contribute to the infringement*, of one or more of the claims of the '478 patent by making and unlawfully selling or offering to sell to customers computer-aided learning services and products that, for example, permit learning users to access materials for learning and institute users to access materials regarding learning users, including but not limited to its K-8 Courses, High School Courses, Summer School Courses, K-8 Program, High School Program, and online private schools: K12 International Academy and The Keystone School, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, *after being served with the Complaint in this action, K12 has induced infringement, and continues to induce infringement*, of one or more of the claims of the '478 patent by making and unlawfully selling or offering to sell to customers computer-aided learning services and products that, for example, permit learning users to access materials for learning and institute users to access materials regarding learning users, including but not limited to its K-8 Courses, High School Courses, Summer School Courses, K-8 Program, High School Program, and online private schools: K12 International Academy and The Keystone School, with specific intent that these software products or services be used by K12 customers to infringe the '478 patent.

\* \* \*

16. .... *After being served with the Complaint in this action, K12 has knowingly contributed to the infringement, and continues to contribute to the infringement*, of one or more of the claims of the '888 patent by making and unlawfully selling or offering to sell to customers computer-aided learning services and products for learning a subject by, for example, analyzing the learner's test results using one or more rules to determine at least one weakness in the subject and providing guidance to the learner to target the weakness, including but not limited to its K-8 Courses, High School Courses, Summer School Courses, K-8 Program, High School Program, and online private schools: KI2 International Academy and The Keystone School, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, *after being served with the Complaint in this action, KI2 has induced infringement, and continues to induce infringement*, of one or more of the claims of the '888 patent by making and unlawfully selling or offering to sell to customers computer-aided learning services and products for learning a subject by, for example, analyzing the

3

learner's test results using one or more rules to determine at least one weakness in the subject and providing guidance to the learner to target the weakness, including but not limited to its K-8 Courses, High School Courses, Summer School Courses, K-8 Program, High School Program, and online private schools: KI2 International Academy, and The Keystone School, with specific intent that these software products or services be used by KI2 customers to infringe the '888 patent.

(D.I. 7 ¶¶ 8, 12, 16 (emphasis added).)

IpLearn's Amended Complaint pleads no facts alleging K12's pre-suit knowledge of the patents-in-suit, much less K12's alleged intent to induce or contribute to infringement. IpLearn's "Amended" Complaint is nothing more than an attempt to manufacture indirect infringement allegations. IpLearn had no basis to allege indirect infringement when it sued K12 and now tries to use its very suit to bootstrap an indirect infringement charge against K12. To allow IpLearn to do so would render the pleading requirements for indirect infringement meaningless and lead to a game where plaintiffs sue and then immediately and improperly "amend" to charge indirect infringement.

## ARGUMENT

I. **TO AVOID DISMISSAL, A COMPLAINT MUST PLEAD FACTS THAT RAISE THE RIGHT TO RELIEF BEYOND THE SPECULATIVE LEVEL.**

Rule 8(a)(2) requires that a complaint contain "'a short and plain statement of the claims showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted). A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do. *Id.* (quoting *Twombly*, 550 U.S. at 555). Nor will a complaint that tenders merely "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

(quoting *Twombly*, 550 U.S. at 557). Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570) (alterations in original). The "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). The court "need not credit a complaint's 'bald assertions' or 'legal conclusions.'" *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997) (citation omitted). Nor is the court "compelled to accept ... legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007) (citations omitted).

## II. IPLEARN'S COMPLAINT FAILS TO MEET THE RULE 8(A)(2) PLEADING STANDARD FOR INDIRECT INFRINGEMENT CLAIMS.

### A. IpLearn's Complaint Fails to Plead the Requisite Knowledge and Intent to Support Its Inducement Claims.

IpLearn's Amended Complaint accuses K12 of actively inducing infringement of all three patents-in-suit under 35 U.S.C. § 271(b). *See* 35 U.S.C. § 271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer."). Post-*Twombly*, courts, including this Court, have emphasized that the plaintiff must "allege the requisite knowledge and intent" in order for a claim of induced infringement to meet the Rule 8(a)(2) pleading requirements for such a claim. *E.g., Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*, Civ. No. 10-666-SLR, 2011 WL 941197, at *2 (D. Del. Mar. 16, 2011). To allege inducement under § 271(b), IpLearn must plead facts showing that K12 had knowledge that it was inducing acts that constituted infringement of each of the patents-in-suit. *See Global-Tech*, 131 S.Ct. at 2068 ("[W]e now hold that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement."). This level of knowledge requires, in turn, that IpLearn plead facts showing—at least—that K12 knew of the patents-in-suit or was "willfully

5

blind" to the possibility of infringement. *See Global-Tech*, 131 S.Ct. at 2070–71; *see also DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (*en banc*) ("The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent.") (citation omitted). Courts repeatedly have rejected attempts by plaintiffs to allege conclusorily the requisite intent for inducement without setting forth the factual bases for the claim. *See, e.g., Xpoint Techs.*, 730 F. Supp. 2d at 357 ("[P]laintiff ... fails to allege sufficient facts that would allow the court to infer that [Defendants] had any knowledge of the [asserted] patent at the time they were committing the allegedly infringing activities. Instead, it resorts to a mere recitation of the elements for indirect infringement, which is insufficient.") (citation omitted); *EON Corp. IP Holdings v. FLO TV Inc.*, Civ. No. 10-812-SLR, 2011 WL 2708945, at *4 (D. Del. July 12, 2011) ("[P]laintiff has failed to assert that defendants had sufficient knowledge of the [patent-in-suit] at the time of the alleged infringing actions. Without the requisite knowledge element, plaintiff fails to adequately state a claim of indirect infringement."); *Nazomi Commu'ns, Inc. v. Nokia Corp.*, 10-CV-4686, 2011 WL 2837401, at *3 (N.D. Cal. July 14, 2011) ("While Nazomi alleges conclusorily that Nokia 'actively and knowingly' induced end-users to infringe the patents in suit, Nazomi does not allege specific facts that support this conclusion. Particularly in light of the Supreme Court's recent clarification of the applicable legal standard in *Global–Tech*, Nazomi must articulate more fully the factual bases of the inducement claim.").

IpLearn's Amended Complaint neither specifically charges K12 with knowledge of any of the patents-in-suit nor identifies any facts supporting IpLearn's assertion that K12 had "specific intent" to infringe IpLearn's patents. (*See, e.g.*, D.I. 7 ¶¶ 8, 12, 16.) Indeed, IpLearn's Amended Complaint does not allege that K12 was even aware of the patents-in-suit prior to this

6

litigation. Instead, IpLearn relies upon the service of its *original* Complaint in order to establish K12's knowledge of the patents-in-suit. (*See, e.g.*, D.I. 7 ¶ 8 ("...*after being served* with the Complaint in this action...").) This Court, however, previously has held that an inducement claim *cannot* be based on knowledge of the patent resulting from the patentee's own suit. *See, e.g., Xpoint Techs.*, 730 F. Supp. 2d at 357 ("[K]nowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement."). Under these circumstances, IpLearn's inducement claim should be dismissed.

### B. IpLearn's Complaint Fails To Plead the Requisite Knowledge and Intent to Support Its Contributory Infringement Claims.

IpLearn's Amended Complaint further accuses K12 of contributorily infringing each of the patents-in-suit under 35 U.S.C. § 271(c). As with inducement, courts have emphasized that the pleading standards of Rule 8(a)(2) require the plaintiff to plead facts demonstrating the requisite knowledge for contributory infringement. *See, e.g., Xpoint Techs.*, 730 F.Supp.2d at 356. To plead contributory infringement under § 271(c), IpLearn must allege facts showing that K12 sold, offered to sell, or imported an accused component into the United States "*knowing* [the component] to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use." 35 U.S.C. § 271(c) (emphasis added); *see Lucent Techs. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009). As described above, however, IpLearn's Amended Complaint fails to properly plead the underlying knowledge of the patents-in-suit prior to filing its original Complaint. *See, e.g., Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 355 (D. Del. 2009) ("Plaintiffs' Complaint fails to sufficiently plead that Defendants had knowledge of the [asserted] Patent, and accordingly, the Court finds that Plaintiffs have also failed to state a claim

for contributory infringement."). As such, IpLearn's claims for contributory infringement should also be dismissed.

## CONCLUSION

For the reasons stated above, this Court should dismiss IpLearn's indirect infringement claims (both inducement and contributory infringement) for failure to state claims upon which relief can be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Defendant K12 Inc.*

OF COUNSEL:

Steven Cherny
Joseph A. Loy
Martin A. Galese
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

January 10, 2012
4847452.1

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 10, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Arthur G. Connolly, III, Esquire<br>Kristen Healey Cramer, Esquire<br>Jeremy D. Anderson, Esquire<br>CONNOLLY BOVE LODGE & HUTZ LLP<br>1007 North Orange Street<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL* |
| March A. Fenster, Esquire<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Boulevard<br>12th Floor<br>Los Angeles, CA 90025-1031 | *VIA ELECTRONIC MAIL* |

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)