IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IpLEARN, LLC,<br><br>                   **Plaintiff,**<br>          **v.**<br><br>K12 INC.<br><br>                   **Defendant.** | **Civil Action No. 11-1026-LPS**<br><br><br><br><br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF IpLEARN, LLC'S ANSWERING BRIEF IN OPPOSITION TO
DEFENDANT K12 INC.'S MOTION TO DISMISS PLAINTIFF'S
INDIRECT INFRINGEMENT CLAIMS**

Of Counsel:

Marc A. Fenster
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025-1031
(310) 826-7474 (phone)
(310) 826-6991 (fax)
mfenster@raklaw.com


January 27, 2012

Arthur G. Connolly, III (#2667)
Kristen Healey Cramer (#4512)
Jeremy D. Anderson (#4515)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801
(302) 302-888-6318 (phone)
(302) 255-4318 (fax)
aconnollyIII@cblh.com
kcramer@cblh.com
janderson@cblh.com

Attorneys for Plaintiff,
IpLearn, LLC

## TABLE OF CONTENTS

I.     Introduction ................................................................................................................ 1

II.    Nature and stage of proceedings ................................................................................ 1

III.   Summary of argument ................................................................................................ 1

IV.    Statement of Facts ...................................................................................................... 2

V.     K12's motion to dismiss should be denied because K12 knew, or should have known,
       of the patents-in-suit, and IpLearn alleged knowledge and intent for purposes of
       indirect infringement .................................................................................................. 4

VI.    Conclusion ................................................................................................................. 6

i

# TABLE OF AUTHORITIES

## CASES

*Illinois Tool Works Inc.*,
    2011 U.S. Dist. LEXIS 137985 ....................................................................................4

*InvestPic, LLC v. FactSet Research Sys.*,
    2011 U.S. Dist. LEXIS 112891 (D. Del. Sept. 30, 2011) ...............................................4

*Mallinckrodt Inc. v. E-Z-Em Inc.*,
    671 F. Supp. 2d 563 (D. Del. 2009).........................................................................4-5

*Minkus Elec. Display Sys. v. Adaptive Micro Sys. LLC*,
    2011 U.S. Dist. LEXIS 26827 (D. Del. Mar. 16, 2011) ................................................5

*Xpoint Techs., Inc. v. Microsoft Corp.*,
    730 F. Supp. 2d 349 (D. Del. 2010)............................................................................4

## OTHER

C. Wright & A. Miller, Federal Practice and Procedure § 1357 (2004) ...................................4

I.      **Introduction.**

Defendant K12 Inc. ("K12") seeks to preclude Plaintiff IpLearn, LLC ("IpLearn") from

pursuing claims of indirect infringement because, according to K12, IpLearn "ha[s] no basis to

allege indirect infringement." D.I. 10 at 4. But that is not true. K12 has long known of, or

should have known of, the patents-in-suit. Not only has K12 repeatedly cited IpLearn's patents

in its own patents and during the prosecution of its patent applications, but examiners at the U.S.

Patent and Trademark Office ("PTO") have cited IpLearn's patents back to K12. And IpLearn,

in fact, expressly alleged that K12's indirect infringement was "knowing[]" and done with

"specific intent." K12 should not be permitted to evade IpLearn's claims despite its own actions

before the PTO. IpLearn, therefore, respectfully requests that the Court deny K12's motion to

dismiss.

II.     **Nature and stage of proceedings.**

This is a patent infringement case involving three patents-in-suit (U.S. Patent Nos.

RE38,432 (the "'432 patent"), 6,685,478 (the "'478 patent"), and 6,688,888 (the "'888 patent"))

owned by IpLearn. The case is in its initial stages – K12 has yet to answer, no discovery has

taken place, and neither a scheduling conference nor a schedule has been set. Presently before

the Court is a motion to dismiss IpLearn's inducement and contributory infringement claims

brought by K12. *See* D.I. 9. IpLearn opposes the motion for the reasons stated herein.

III.    **Summary of argument.**

K12 challenges IpLearn's indirect infringement claims solely on the grounds that

IpLearn's allegations of knowledge and intent fail to provide notice of the nature of IpLearn's

claims. However, because IpLearn has sufficiently and expressly alleged both "knowing"

infringement and "specific intent," and K12 knew of, or should have known of, IpLearn patents

1

directly related to the patents-in-suit, K12's motion should be denied.  To the extent the Court disagrees, Iplearn requests leave to amend and has filed a motion for such relief concurrently herewith – IpLearn has a good faith basis to allege knowledge of the patents-in-suit and has not engaged in any bad faith or delay in this case.

## IV.     Statement of facts.

On October 26, 2011, IpLearn filed suit against K12 for direct infringement of the patents-in-suit.  On November 18, 2011, IpLearn amended its complaint to include allegations of induced and contributory infringement.  On January 10, 2011, K12 filed the present motion to dismiss.

Although K12 contends in its motion that IpLearn has no basis to allege indirect infringement, K12's own patents and patent applications, and conduct before the PTO, reveal that K12 knew of, or should have known of, the patents-in-suit.  The table below identifies at least some K12 patents[1] and patent applications that refer to IpLearn patents (and discovery may reveal additional evidence of K12's pre-suit knowledge).  In particular, the table identifies K12's patents and patent applications (column 1), the IpLearn patents that they reference (column 2), and the relationship between the IpLearn patents and the patents-in-suit (column 3).[2]

| 1 | 2 | 3 |
|---|---|---|
| Patent No./App. No. | IpLearn Patent No. | Relationship to patents-in-suit |
| 7,869,988 (App. No. 11/592682) | RE 39,942 | Continuation of '432 patent |
| 7,818,164 (App. No. 11/508032) | RE 39,942 | Same as above |

---

[1] The last seven patents listed in Table 1 were originally assigned to UNext.com LLC.  Through a series of assignments, the patents are currently assigned to Capital Education LLC. (Ex. B)  In April 2010, K12 acquired assets from Cardean Learning Group LLC to form Capital Education LLC.  Accordingly, the patents are now held by K12.

[2] Documents exchanged between K12 and the PTO referencing IpLearn's patents (and the source material for the table above). (Ex. A)

| | | |
|---|---|---|
| 11/681257 | 5,967,793<br>6,118,973<br>RE 39,942<br>5,934,909 | Sister of '888 patent<br>Niece of '888 patent<br>Continuation of '432 patent<br>Aunt of '888 patent |
| 11/681271 | 5,967,793<br>6,118,973<br>RE 39,942 | Sister of '888 patent<br>Niece of '888 patent<br>Continuation of '432 patent |
| 11/681280 | 5,967,793<br>6,118,973<br>RE 39,942 | Same as above |
| 11/681287 | 5,967,793<br>6,118,973<br>RE 39,942 | Same as above |
| 11/681292 | 5,967,793<br>6,118,973<br>RE 39,942 | Same as above |
| 11/850199 | 5,967,793<br>6,118,973<br>RE 39,942 | Same as above |
| 11/896484 | 5,967,793<br>6,118,973<br>RE 39,942<br>5,934,909<br>5,727,951 | Sister of '888 patent<br>Niece of '888 patent<br>Continuation of '432 patent<br>Aunt of '888 patent<br>Parent of '888 patent |
| 12/541276 | 5,967,793<br>6,118,973<br>RE 39,942 | Sister of '888 patent<br>Niece of '888 patent<br>Continuation of '432 patent |
| 12/541469 | 5,967,793<br>6,118,973<br>RE 39,942 | Same as above |
| 12/541501 | 5,967,793<br>6,118,973<br>RE 39,942 | Same as above |
| 12/541507 | 5,967,793<br>6,118,973<br>RE 39,942 | Same as above |
| 12/541513 | 5,967,793<br>6,118,973<br>RE 39,942 | Same as above |
| 12/541517 | 5,967,793<br>6,118,973<br>RE 39,942 | Same as above |
| 12/541522 | 5,967,793<br>6,118,973<br>RE 39,942 | Same as above |
| 6,301,462 | 6,029,043 | Parent of '432 patent |
| 6,347,333 | 6,029,043<br>5,863,208 | Parent of '432 patent<br>Parent of '888 patent |
| 6,622,003 | 6,029,043 | Parent of '432 patent |

3

| 6,652,287 | 6,029,043 | Same as above |
|-----------|-----------|---------------|
| 6,704,541 | 6,029,043 | Same as above |
| 6,789,047 | 6,029,043<br>6,126,448 | Parent of '432 patent<br>Grandparent of '478 patent |
| 6,790,045 | 6,029,043<br>6,126,448 | Same as above |

**V.    K12's motion to dismiss should be denied because K12 knew, or should have known, of the patents-in-suit, and IpLearn alleged knowledge and intent for purposes of indirect infringement.**

K12 moves to dismiss IpLearn's claims for indirect infringement on the grounds that IpLearn purportedly "ha[s] no basis to allege indirect infringement," and has failed to allege knowledge and intent. D.I. 10 at 4. K12 is mistaken.[3]

First, IpLearn had more than an adequate basis to allege indirect infringement because K12 knew or should have known of the patents-in-suit long before this case was filed. K12's own patents and patent applications refer to patents related to the patents-in-suit. *See* Table *supra.* In fact, related patents are referenced in at least twenty-three K12 patents and applications at least as far back as 2001. *Id.* In several instances, the related patents are cited not only by K12, but also to K12 by the PTO's patent examiners. The sheer number of citations by, or to, K12 suggests not only knowledge but that the patents-in-suit, or at least their subject matter, were well-known to K12. *See InvestPic, LLC v. FactSet Research Sys.*, 2011 U.S. Dist. LEXIS 112891, 6-7 (D. Del. Sept. 30, 2011) (allegation that patent was cited by at least 79 other patents and, thus, was "well-known" sufficiently alleged knowledge).[4]

---

[3] Because K12's arguments with respect to both Iplearn's claims for inducement and contributory infringement are the same (*i.e.*, a purported failure to allege knowledge and intent), IpLearn's discussion of its knowledge and intent allegations applies to both claims.

[4] Although courts generally consider only the allegations contained in the complaint when reviewing a motion to dismiss, "[n]umerous cases … have allowed consideration of [outside] matters [that are] integral to the claim ....." C. Wright & A. Miller, Federal Practice and Procedure § 1357 (2004); *see also Illinois Tool Works Inc.*, 2011 U.S. Dist. LEXIS 137985, at *7-*8 ("[P]laintiffs may … suggest facts outside of the pleadings to show that their complaints

Second, as recognized previously by this Court, knowledge and intent are sufficiently alleged if the defendant is "aware of the [patented] subject matter [through] fil[ings] with the [PTO]." *Mallinckrodt Inc. v. E-Z-Em Inc.*, 671 F. Supp. 2d 563, 569 (D. Del. 2009); *see also Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010) (recognizing that knowledge and intent are sufficiently alleged where a defendant allegedly becomes aware of the patent-in-suit through papers it filed with the PTO). Here, K12 was aware of, or should have been aware of, at least the subject matter of the patents-in-suit. Many of the related patents that were cited by K12 have identical or identical-in-part specifications as the patents-in-suit.

Third, IpLearn expressly alleged knowledge and intent in its first amended complaint. In particular, IpLearn alleged that K12 "knowingly" infringes the patents-in-suit and did so with "specific intent." D.I. 7 ¶¶ 8, 12, 16. K12 argues that the allegations are conclusory and fail to provide notice of IpLearn's claims. But as discussed above, K12 in fact had, or at least should have had, knowledge of the patents-in-suit. And in *Mallinckrodt*, similar allegations against defendants for "actively induc[ing]" infringement, "intending that others [would] infringe[]," were sufficient to withstand a motion to dismiss. 671 F. Supp. 2d at 569. The result should be the same here, especially in light of K12's familiarity with IpLearn's patents.

To the extent K12 faults IpLearn's references to indirect infringement occurring and continuing after service of the original complaint, IpLearn bases its claims of knowledge not

---

should not be dismissed, so long as those facts are consistent with the complaint."). Here, the fact that K12 cited to numerous related patents is integral and consistent with IpLearn's allegations that K12 knew of and intended to indirectly infringe the patents-in-suit, and, as such, may be considered by the Court. To the extent the Court disagrees, and finds K12's motion persuasive, IpLearn has filed concurrently herewith a motion for leave to amend. As discussed in that motion, IpLearn has adequate grounds to state claims for indirect infringement, and there has been no suggestion of any bad faith or delay by IpLearn.

merely on the filing of the original complaint,[5] but also on the fact that K12 repeatedly referenced IpLearn's patents in its own patents and during prosecution of its patent applications.

## VI.    Conclusion.

K12 knew of, or should have known of, the patents-in-suit and, as such, Iplearn alleged that K12 "knowingly" and with "specific intent" indirectly infringed the patents-in-suit.  K12's attempt to dodge liability for indirect infringement by having IpLearn's claims dismissed should therefore be denied.

January 27, 2012

Of Counsel:

Marc A. Fenster, CA Bar No. 181067
E-mail: mfenster@raklaw.com
Benjamin T. Wang, CA Bar No. 228712
E-mail: bwang@raklaw.com
Fredricka Ung, CA Bar No. 253794
E-mail: fung@raklaw.com
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025-1031
(310) 826-7474 (phone)
(310) 826-6991 (fax)

CONNOLLY BOVE LODGE & HUTZ LLP

/s/Arthur G. Connolly, III
Arthur G. Connolly, III (#2667)
Kristen Healey Cramer (#4512)
Jeremy D. Anderson (#4515)
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801
(302) 302-888-6318 (phone)
(302) 255-4318 (fax)
aconnollyIII@cblh.com
kcramer@cblh.com
janderson@cblh.com

Attorneys for Plaintiff,
IpLearn, LLC

---

[5] This Court has taken a more nuanced view of indirect infringement occurring after the filing of a complaint than suggested by K12.  In *Minkus Elec. Display Sys. v. Adaptive Micro Sys. LLC*, 2011 U.S. Dist. LEXIS 26827 (D. Del. Mar. 16, 2011), the Court held that "[g]iven that all defendants will be deemed to have knowledge of the … patent as of the date the complaint was filed … the court will … limit plaintiff's damages as to each defendant" to the period dating from the date the complaint was filed.

6