**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IPLEARN, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-1026 (LPS) |
| | ) | |
| K12 INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S INDIRECT INFRINGEMENT CLAIMS AND ANSWERING BRIEF IN
OPPOSITION TO PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Defendant K12 Inc.*

OF COUNSEL:

Steven Cherny
Joseph A. Loy
Martin A. Galese
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

February 6, 2012

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 4

ARGUMENT ....................................................................................................................... 5

    I.     IPLEARN CANNOT DEFEND ITS FIRST AMENDED COMPLAINT. ............. 5

    II.    IPLEARN'S PROPOSED SECOND AMENDED COMPLAINT ALSO FAILS TO ALLEGE THE KNOWLEDGE REQUIRED FOR INDIRECT INFRINGEMENT ................................................................................................ 6

          A.     IpLearn's "Transitive Knowledge" Theory Is Insufficient to Allege the Knowledge Required for Indirect Infringement. ................................. 6

          B.     IpLearn Does Not Allege that K12 Knew of the Patents-in-Suit Because They Are Otherwise Well Known. .............................................. 8

    III.   IPLEARN'S PROPOSED AMENDMENT IS FUTILE ........................................ 9

          A.     IpLearn's Proposed Amendment to Its Indirect Infringement Claims Is Futile. ........................................................................................ 9

          B.     IpLearn's Proposed Allegation of Willful Infringement Is Futile ............ 10

CONCLUSION ................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alvin v. Suzuki*,
    227 F.3d 107 (3d Cir. 2000)..................................................................................................7

*Apeldyn Corp. v. AU Optronics Corp.*, C.A. No. 08-568-SLR,
    2011 WL 5552520 (D. Del. Nov. 15, 2011) .......................................................................4, 5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................9

*Boadin Tech., LLC v. Bloomberg L.P.*, C.A. No. 11-802-RGA
    (D. Del. Jan. 17, 2012)........................................................................................................9

*Eon Corp. IP Holdings LLC v. FLO TV Inc.*,
    802 F.Supp. 2d. 527 (D. Del. 2011) ................................................................................3, 4

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2009)...........................................................................................6

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    131 S.Ct. 2060 (2011).........................................................................................................7

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*,
    897 F.2d 508 (Fed. Cir. 1990).............................................................................................8

*In re Seagate Tech., LLC*,
    497 F.3d 1360 (Fed. Cir. 2007)...........................................................................................8

*InvestPic, LLC v. FactSet Research Sys., Inc.*, C.A. No. 10-1028-SLR,
    2011 WL 4591078 (D. Del. Sept. 30, 2011).......................................................................6

*IpVenture, Inc. v. Cellco P'ship*, No. C 10-04755 JSW,
    2011 WL 207978 (N.D. Cal. Jan. 21, 2011).......................................................................9

*LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, C.A. No. 08-234 (GMS),
    2009 WL 3738306 (D. Del., Nov. 9 2009) ........................................................................7

*Mallinckrodt, Inc. v. E-Z-Em Inc.*,
    670 F.Supp. 2d 349 (D. Del. 2009) *(Mallinckrodt I)* .........................................................3

*Mallinckrodt, Inc. v. E-Z-Em Inc.*,
    671 F.Supp. 2d 563 (D. Del. 2009) *(Mallinckrodt II)* .......................................................5

*Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*, C.A. No. 10-666-SLR,
    2011 WL 941197 (D. Del. Mar. 16, 2011) ........................................................................3

*Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, No. 10 C 715,
    2011 WL 1706136 (N.D. Ill. May 5, 2011) ..................................................................... 7

*Veritas Operating Corp. v. Microsoft Corp.*,
    562 F. Supp. 2d 1141 (W.D. Wash. 2008) ..................................................................... 5

*Xpoint Techs., Inc. v. Microsoft Corp.*,
    730 F.Supp. 2d 349 (D. Del. 2010) .......................................................................... 3, 5

**Rules**

Fed. R. Civ. P. 15(a)(2) ................................................................................................. 7

## INTRODUCTION

Patentees do not have a right to allege indirect infringement in every case. To make such an allegation, a plaintiff must allege that, prior to suit, a defendant had knowledge of the patents-in-suit and must plead facts supporting that allegation. If a plaintiff cannot meet those threshold requirements, it cannot assert that a defendant has indirectly infringed its patents.

The short history of this matter demonstrates that IpLearn has never had any basis to assert indirect infringement by K12. IpLearn filed its original complaint without indirect infringement allegations. IpLearn then amended its complaint to assert a claim for indirect infringement based solely on K12 obtaining knowledge of the patents-in-suit from IpLearn's original complaint. K12 moved to dismiss IpLearn's amended complaint, citing law from this Court stating that indirect infringement ***cannot be premised solely on post-filing knowledge of the asserted patents.*** Faced with that case law, IpLearn now seeks to abandon its amended complaint in favor of a ***third*** proposed complaint that asserts that K12 knew—or at least should have known—of the patents-in-suit because K12 cited other, ***non-asserted IpLearn patents*** during the prosecution of K12 patents. This new allegation only confirms that IpLearn has no basis and never has had a basis to assert that K12 had knowledge of the patents-in-suit and that IpLearn cannot meet the threshold necessary to assert indirect infringement. Although IpLearn appears determined to allege indirect infringement, it cannot do so without pleading facts showing K12 knew about the patents asserted in this case. Alleging that K12 knew about other, unasserted IpLearn patents does not suffice. Because IpLearn has essentially abandoned its First Amended Complaint, K12 asks the Court to grant its motion to dismiss that complaint. Because IpLearn moves to amend that complaint, but still does not allege any facts showing pre-suit knowledge of the patents-in-suit, K12 respectfully requests that the Court deny IpLearn's motion

to amend.  This is one of those cases where the Plaintiff simply does not have a basis to assert indirect infringement, no matter how much it wants to do so.

But IpLearn does not stop at attempting to bootstrap its indirect infringement charge using knowledge of patents not at issue in this case.  Now, for the first time, IpLearn seeks to amend its complaint to allege that K12 willfully infringed the patents-in-suit based on K12's alleged knowledge of other non-asserted IpLearn patents.  But these new allegations fail to state a claim for relief, and are thus futile, because they fail to plead requisite knowledge of the *patents-in-suit themselves*.  In order to amend, IpLearn must assert a cognizable theory of willful infringement.  Asserting that K12 willfully infringed the patents-in-suit because it allegedly knew of other non-asserted IpLearn patents is not such a theory.  IpLearn cites no authority that having knowledge of unasserted patents can be a basis for willfully infringing the asserted patents.  IpLearn has not met its burden of showing that its recently confected willfulness allegation has any factual or legal basis and therefore is not futile.

With IpLearn having failed repeatedly to meet the standards set forth in *Iqbal* and this Court's prior rulings, it is time for this case to move forward without IpLearn's baseless indirect and willful infringement claims.  Accordingly, K12 respectfully requests that the Court dismiss the indirect infringement allegations in IpLearn's First Amended Complaint and deny leave to amend as futile.

## ARGUMENT

### I.  IPLEARN CANNOT DEFEND ITS FIRST AMENDED COMPLAINT

IpLearn offers no real defense of its First Amended Complaint.  IpLearn relegates its "response" to a footnote incorrectly suggesting that this Court could allow indirect infringement claims based solely on knowledge of the patents-in-suit derived from the suit itself—a standard that would eviscerate the pleading standard for indirect infringement.  (D.I. 13

at n.5) IpLearn incorrectly cites *Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*, C.A. No. 10-666-SLR, 2011 WL 941197, at *4 (D. Del. Mar. 16, 2011), for this proposition.[1] But opinions by this Court before and after *Minkus* confirm that a complaint must "assert that defendants had sufficient knowledge of the [patent-in-suit] *at the time of the alleged infringing actions*;" otherwise, the complaint "fails to adequately state a claim of indirect infringement." *Eon Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F.Supp. 2d. 527, 534 (D. Del. 2011) (emphasis added); *see also Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F.Supp. 2d 349, 357 (D. Del. 2010) ("[K]nowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement."); *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F.Supp. 2d 349, 354 n.1 (D. Del. 2009) *(Mallinckrodt I)* ("The Court is not persuaded by Plaintiffs' contention that the requisite knowledge can be established by the filing of the Plaintiffs' Complaint."). Thus, the indirect infringement claims in IpLearn's First Amended Complaint should be dismissed.

## II. IPLEARN'S PROPOSED SECOND AMENDED COMPLAINT ALSO FAILS TO ALLEGE THE KNOWLEDGE REQUIRED FOR INDIRECT INFRINGEMENT

### A. IpLearn's "Transitive Knowledge" Theory Is Insufficient to Allege the Knowledge Required for Indirect Infringement.

IpLearn's Opposition Brief focuses on its new theory that K12 gained knowledge of the patents-in-suit through prosecuting patent applications in the U.S. Patent and Trademark Office ("PTO"). Despite canvassing twenty-three patents and pending applications—seven of which IpLearn admits are not even owned by K12—IpLearn has failed to identify a *single reference* to the *actual patents-in-suit*. (D.I. 13 at n. 1.) Instead, IpLearn relies on tangential

---

[1] The court in *Minkus* actually dismissed the plaintiff's pre-complaint indirect infringement claims, noting that its proposed remedy concerning post-complaint infringement claims would be obviated if the "plaintiff chooses to amend its complaint"—precisely what IpLearn seeks to do in this case. *Minkus*, 2011 WL 941197, at *4.

6

citations to patents *that are not at issue in this case*. Advancing what this Court has rejected as a "transitive knowledge" theory, *Apeldyn Corp. v. AU Optronics Corp.*, C.A. No. 08-568-SLR, 2011 WL 5552520, at *9 (D. Del. Nov. 15, 2011), IpLearn claims that because certain K12 patents cite to patents related to the patent-in-suit, K12 knew—or should have known—about the actual patents-in-suit. (*See, e.g.*, D.I. 14 at ¶ 9.) IpLearn argues that by citing to a patent, K12 must have known about that patent's parents, sisters, its parents' parents, parents' sisters, and even its parents' sisters' continuations. (*See* D.I. 13 at 2–4.) K12's new proposed pleadings, relying on this premise, fail to plead the requisite knowledge and intent for indirect infringement.

This Court—and others—have rejected IpLearn's theory, explaining that such remote relations to the patents-in-suit are "too tenuous to sustain an allegation of knowledge." *Eon Corp.*, 802 F.Supp. 2d. at 533 (finding that a license including patents that cited to the patents-in-suit was insufficient to suggest knowledge of the patents-in-suit). This Court also has recognized that "[t]here is simply no indication that constructive notice is meant to embrace the hundreds, if not thousands, of listed patents that would be generated in many cases by such an extrapolation." *Apeldyn Corp.*, 2011 WL 5552520, at *9 (explaining that "the court [has not] located an example of a finding of constructive knowledge based on the listing of a patent on the face of another patent, twice removed.").

Nor does IpLearn's case law support its reliance on such transitive citations. In each case where the court has imputed knowledge, the defendant knew of the actual patent-in-suit. In *Mallinckrodt II*, the plaintiff's complaint pointed to the defendant's PTO filings to show knowledge of the patent-in-suit. But the defendant there cited *to the patent-in-suit*, not an unasserted related patent. *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 671 F.Supp. 2d 563, 568–69 (D. Del. 2009) *(Mallinckrodt II)*. Although *Xpoint Technologies* does not deal with PTO filings, the

7

only moving defendant with knowledge of the patents-in-suit there had a non-disclosure agreement and draft license agreement concerning the then secret embodiment of the patent-in-suit. *Xpoint Techs.*, 730 F.Supp. 2d at 357–58. The other moving defendants, who lacked direct knowledge of the patent-in-suit, were not found to meet the knowledge requirement. *Id.* at 357.

IpLearn's proposed amended pleading provides no reason why K12 would have the requisite knowledge of the patents-in-suit to form the intent required for inducement. *See Veritas Operating Corp. v. Microsoft Corp.*, 562 F. Supp. 2d 1141, 1285 (W.D. Wash. 2008) ("[H]aving 'knowledge' of a single patent only because it was cited during prosecution of two patents among thousands (and then only through imputing that knowledge from [the defendant's] attorneys) does not give [the defendant] sufficient 'knowledge' to formulate the 'intent' required for inducement."); *see also Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1330 (Fed. Cir. 2009) ("[O]ne cannot assume that an individual, who generally knew that a reference existed, also knew of the specific material *information* contained in that reference." (emphasis in original)). And in these cases, facts were alleged showing knowledge of the ***actual*** relevant patents. *See Veritas Operating Corp.*, 562 F. Supp. 2d at 1277; *Exergen Corp.*, 575 F.3d at 1330. Here, IpLearn has not even alleged such knowledge, let alone that K12's knowledge of unasserted, related patents somehow shows intent to indirectly infringe the patents-in-suit.

**B.   IpLearn Does Not Allege that K12 Knew of the Patents-in-Suit Because They Are Otherwise Well Known.**

IpLearn's Opposition Brief relies on *InvestPic* for the proposition that knowledge of patents can be inferred when those patents are "well-known in the industry." *InvestPic, LLC v. FactSet Research Sys., Inc.*, C.A. No. 10-1028-SLR, 2011 WL 4591078, at *2 (D. Del. Sept. 30, 2011). But unlike the plaintiff in *InvestPic*, IpLearn has not alleged in its proposed amended complaint that the patents-in-suit are "well-known in the industry." *Id.* And IpLearn identifies

8

no facts to show that the patents-in-suit are, in fact, well known in the industry. In contrast to IpLearn's deficient pleadings, the *InvestPic* plaintiff identified **79 citations to the very patent-in-suit**. IpLearn offers no explanation as to how sixteen K12 patents citing patents ***other than the patents-in-suit*** suggest that the patents-in-suit are actually well known by anyone. Indeed, the apparent absence of direct citations to the patents-in-suit suggests that the actual patents-in-suit are *not* well known. Moreover, any claim that K12 "should" have known about the patents-in-suit is inconsistent with the Supreme Court's recent decision in *Global-Tech Appliances*, requiring that the defendant be "willfully blind" to indirectly infringe in the absence of actual knowledge of the patents-in-suit. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2069–70 (2011).

## III. IPLEARN'S PROPOSED AMENDMENT IS FUTILE

### A. IpLearn's Proposed Amendment to Its Indirect Infringement Claims Is Futile.

Even if IpLearn were allowed to rely on information in its Opposition Brief to supplement its pleadings,[2] IpLearn's proposed Second Amended Complaint would still fail to meet the pleading requirements of *Iqbal*. Although the Court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), an amendment "may be denied [] if [the] amendment would be futile." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). IpLearn's amendment is futile because it "would not survive a motion to dismiss for failure to state a claim

---

[2] IpLearn cannot simply point to facts within its Opposition Brief, however, to cure the deficiencies in its proposed amended complaint, as generally "a court may not consider material outside of the pleadings." *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, C.A. No. 08-234 (GMS), 2009 WL 3738306 *1 n.1 (D. Del., Nov. 9 2009); *see also Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, No. 10 C 715, 2011 WL 1706136, at *3 (N.D. Ill. May 5, 2011) ("[The plaintiff's] allegations of knowledge must be in its complaint, not just in its motion papers.").

9

upon which relief could be granted." *Id.* at 121. IpLearn's proposed Second Amended Complaint should therefore be rejected, and IpLearn's indirect infringement claims dismissed.

### B.   IpLearn's Proposed Allegation of Willful Infringement Is Futile.

Nor should IpLearn be permitted to now add futile willful infringement charges to its complaint. Willful infringement is a serious charge. IpLearn lacked any basis to allege that K12 had knowledge or notice of the patents-in-suit in its first complaint and so did not—and could not—charge K12 with willful infringement. *See, e.g.*, *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990) ("[A] party cannot be found to have 'willfully' infringed a patent of which the party had no knowledge."). Even in its first Amended Complaint, where IpLearn alleged that K12 had knowledge of the patents-in-suit based on the original complaint, IpLearn did not charge willfulness by K12. *See, e.g.*, *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) ("[I]n ordinary circumstances, willfulness will depend on an infringer's ***prelitigation conduct.***" (emphasis added)).

Now, on its third try, based on no discovery, IpLearn seeks to charge K12 with willfulness based on the same flawed "transitive knowledge" theory it uses to justify its indirect infringement allegations. IpLearn, however, fails to cite a single case or authority supporting its efforts to rely merely on citations to unasserted patents to plead the requisite "objective recklessness" to establish willful infringement. *Id.* at 1371. Courts have rejected similar pleadings where a plaintiff failed to establish the defendant's knowledge of the ***actual*** patents-in-suit. *See*, *e.g.*, *IpVenture, Inc. v. Cellco P'ship*, No. C 10-04755 JSW, 2011 WL 207978, at *2 (N.D. Cal. Jan. 21, 2011) ("Plaintiff's current complaint merely alleges . . . knowledge of Plaintiff's patent ***application***. Because there are no facts to support the claim that Defendants actually had knowledge of the [patent-in-suit], . . . the Court finds that Plaintiff has failed to state a cause of action for willful infringement." (emphasis added) (internal citation omitted)).

10

IpLearn's failure to establish pre-suit knowledge of the actual patents-in-suit is thus fatal not only to its indirect infringement claims, but also to its willful infringement charges. *See* Transcript of Motion to Dismiss and Motion for Sanctions (D.I. 31) at 24:12–15, *Boadin Tech., LLC v. Bloomberg L.P.*, C.A. No. 11-802-RGA (D. Del. Jan. 17, 2012) ("[S]ince there is no claim in the Complaint that can justify . . . willfulness, I'm going to grant defendants' motion without prejudice to dismiss that part of the plaintiff's Complaint."). This "basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (alteration in original) (citation omitted) (internal quotation mark omitted) .

## CONCLUSION

IpLearn's First Amended Complaint fails to satisfy the pleading standards required by Rule 8 for indirect infringement claims. IpLearn's Second Amended Complaint also fails to meet these requirements. Accordingly, K12 asks that the Court dismiss IpLearn's indirect infringement claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted and deny IpLearn's motion to amend its complaint as futile.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Defendant K12 Inc.*

OF COUNSEL:

Steven Cherny
Joseph A. Loy
Martin A. Galese
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

February 6, 2012
5297438

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 6, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Arthur G. Connolly, III, Esquire<br>Kristen Healey Cramer, Esquire<br>Jeremy D. Anderson, Esquire<br>CONNOLLY BOVE LODGE & HUTZ LLP<br>1007 North Orange Street<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |
| March A. Fenster, Esquire<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA  90025-1031 | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)