IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IPLEARN LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 11-1026-RGA |
| K12 INC., | : | |
| Defendant. | : | |

**ORDER**

Pending before the Court are two motions. Defendant K12 has filed a motion to dismiss the indirect infringement claims of Plaintiff's First Amended Complaint. (D.I. 9). Plaintiff has filed a Motion for Leave to File a Second Amended Complaint. (D.I. 14). The motions have been fully briefed. (D.I. 10, 13, 15, 16, 17, 18).

The Plaintiff filed its Complaint on October 26, 2011, alleging K12 directly infringed three patents. (D.I. 1). Less than a month later, on November 18, 2011, the Plaintiff filed its First Amended Complaint, alleging that K12 directly infringed the three patents and had been for three weeks indirectly infringing the three patents. (D.I. 7). After K12 filed its motion to dismiss, Plaintiff, on January 27, 2012, sought leave to file the Second Amended Complaint, which added allegations of indirect infringement and willfulness predating the filing of the original complaint. (D.I. 14).

K12 has not contested that the Plaintiff has alleged direct infringement of each of the three patents. The motion to dismiss only sought dismissal of the claims of indirect infringement. (D.I. 10). K12 opposes permitting the filing of the Second Amended Complaint,

stating that the claims of indirect infringement are insufficient, and that the claims of indirect infringement and willfulness cannot be properly amended. (D.I. 15).

The allegations of both the First Amended Complaint and the proposed Second Amended Complaint are insufficient to state a claim for indirect infringement. *See generally In re Bill of Lading Transmission and Processing System Patent Litigation*, 2012 WL 2044605 (Fed. Cir. June 7, 2012). Among other things, there is no allegation stating that K12's customers have directly infringed the patents. *See id.* at *5. There is no sufficient allegation that the defendant knew about the existence of the patents-in-suit. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011) (requiring actual knowledge, not constructive knowledge). It is true that each count alleges that, "K12 knew or should have known of the [patent-in-suit] prior to the filing of this action because [Plaintiff's] patents directly related to the [patent-in-suit], and which share identical or identical-in-part specifications with the [patent-in-suit], are referenced by, or were referenced during the prosecution of, K12's own patents and patent applications." (D.I. 14-1, ¶¶ 8, 13, 18). The factual support offered in the latter part of the sentence comes close to making an allegation of "should have known" plausible; they do not make an allegation of actual knowledge plausible.

I believe, under the authority of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009), that the claim of "willfulness" may be alleged generally, but that there must be facts alleged that "are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *See id.* at 210-11. Whether the facts are sufficient is a "'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.*

The factual support for the allegations of willfulness made in the Second Amended

Complaint are insufficient. At most, the factual allegations plausibly support the conclusion that both the Plaintiff and K12 had patents in the same field. They do not plausibly support the conclusion that K12 "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and that K12 knew or should have known that its actions constituted infringement of a valid patent.

Thus, the Motion to Dismiss (D.I. 9) is **GRANTED.** The claims of indirect infringement in the First Amended Complaint as to all patents are **DISMISSED WITHOUT PREJUDICE.** The Motion for Leave to File Second Amended Complaint (D.I. 14) is **DENIED.**

*Richard G. Andrews*
United States District Judge   7/2/12